UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE H.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

**DECISION AND ORDER**

1:22-CV-00933 EAW

## INTRODUCTION

Plaintiff Michelle H. ("Plaintiff") seeks attorneys' fees of $22,745.68 pursuant to 42 U.S.C. § 406(b). (Dkt. 23). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 24). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

Plaintiff filed two actions against the Commissioner, seeking review of the Commissioner's final decisions. On July 28, 2020, Plaintiff filed her first action, seeking review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB"). (Dkt. 1 of 1:20-CV-00977). Plaintiff moved for judgment on the pleadings, and on November 23, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further administrative proceedings. (Dkt. 20, Dkt. 22 of 1:20-CV-00977).

By Stipulated Order filed on January 12, 2022, the Court approved payment of $6,800.00 in attorneys' fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with the first action. (Dkt. 26 of 1:20-CV-00977).

On remand, the Administrative Law Judge ("ALJ") issued a partially favorable decision on August 1, 2022, granting Plaintiff benefits for two separate time periods, from June 15, 2015-October 12, 2018, and as of June 6, 2022. (Dkt. 23-1 at 3; *see also* Dkt. 1-1 at 1, 6).

On December 1, 2022, Plaintiff filed the instant action, seeking review of the Commissioner's final decision denying her application for DIB between October 12, 2018, and June 5, 2022. (Dkt. 1). On March 8, 2023, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further administrative proceedings. (Dkt. 7).

By Stipulated Order filed on June 13, 2023, the Court approved payment of $2,200.00 in attorneys' fees to Plaintiff's counsel pursuant to EAJA, for services performed in connection with this action. (Dkt. 11).

On September 12, 2023, Plaintiff's counsel was contacted by the Commissioner and informed that Plaintiff would receive a fully favorable decision on the record for the contested period between October 13, 2018, and June 5, 2022, without need for an additional hearing. (Dkt. 12-1 at ¶ 22).[1]

---

[1] The ALJ's determination was issued on October 30, 2023. (Dkt. 23-3).

On September 21, 2023, Plaintiff moved for an extension of time to file a motion for attorneys' fees under § 406(b) because the Notice of Award that the Commissioner issued in connection with Plaintiff's claim did not allow Plaintiff's counsel to determine the full amount of the past-due benefits awarded to Plaintiff. (Dkt. 12-1 at ¶¶ 2-3, 16-25). The extension was granted, and following multiple status reports filed by Plaintiff advising the Court that she had not received the final Notice of Award, the Court ordered the Commissioner to submit an update as to the status of the final Notice of Award. (Dkt. 15; Dkt. 16; Dkt. 17; Dkt. 18, Dkt. 19). On February 18, 2024, the Commissioner issued the final Notice of Award, awarding $90,982.70 in past-due benefits from June 2016 to October 2023. (Dkt. 23-4 at 1, 3). The Notice of Award stated that the Commissioner withheld $22,745.68 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (*Id.* at 3).

On March 3, 2024, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking a total of $22,745.68 in attorneys' fees. (Dkt. 23). In her motion, Plaintiff's counsel indicates that she was awarded the sum of $9,000.00 under the EAJA for both the first action ($6,800.00) and the instant action ($2,200.00), which she will refund to Plaintiff once the instant fee application is resolved. (Dkt. 23-1 at 5). The Commissioner filed a response on March 5, 2024. (Dkt. 24).

## DISCUSSION

I.  **Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b)

motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d). Moreover, it has been determined that the 14-day limitation period is subject to equitable tolling "until the claimant receives notice of the amount of any benefits award. That is because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Sinkler*, 932 F.3d at 85.

Here, the Commissioner issued the final Notice of Award on February 18, 2024. (23-4 at 1). Thus, it was not until then that counsel was able to ascertain Plaintiff's total past-due benefits and the maximum attorneys' fees that she could seek under § 406(b). Plaintiff's counsel filed her application 14 days later on March 3, 2024. (Dkt. 24). Accordingly, Plaintiff's application is timely.

**II.     The Reasonableness of the Requested Fee**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."

- 4 -

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied."  *Id*. at 807 n.17.  As such, the Commissioner's failure to support or oppose the motion is not dispositive.  *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were

particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $22,745.68 in attorneys' fees that is represented to be 25 percent of the past-due benefits. (Dkt. 23-1 at 10). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation in both actions, resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. The success of Plaintiff's claim was uncertain as demonstrated by multiple denials of her application and multiple hearings before Plaintiff won a fully favorable decision for the entire time period for which she sought benefits. Accordingly, the hours expended by counsel were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $489.15 ($22,745.68 divided by 46.5 hours). (*See* Dkt. 23-5).[2] The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $210.00-

---

[2] Plaintiff's counsel states that she devoted 43.5 hours to both actions (Dkt. 23-1 at 13), but her time itemization reflects that she spent 46.5 hours on the actions (Dkt. 23-5).

$225.00 per hour (*id.*), counsel's successful representation achieved multiple remands that ultimately resulted in Plaintiff's receipt of a fully favorable decision and past-due benefits. The effective hourly rate of $489.15 falls within (or below) the range of rates under § 406(b) approved by courts. *See, e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Anthony F. v. Comm'r of Soc. Sec.*, No. 1:21-cv-0934-EAW, 2024 WL 2889097, at *2 (W.D.N.Y. June 10, 2024) (approving *de facto* hourly rate of $985.22); *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 3:19CV00155(SALM), 2022 WL 1115099, at *3 (D. Conn. Apr. 14, 2022) (approved an hourly rate of $495.86, which was significantly lower than § 406(b) fee awards that have been approved in the Second Circuit).

Having considered the required factors, the Court finds that counsel's effective hourly rate of $489.15 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel must return the previously paid EAJA fee of $9,000.00 to Plaintiff. (Dkt. 23-1 at 5). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 21) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees of $22,745.68 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel must refund the previously received EAJA fee of $9,000.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    August 29, 2024
          Rochester, New York